KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-4716
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07cr3102-LAB |
| Plaintiff, | **GOVERNMENT'S MOTION FOR:** |
| v. | **(1) FINGERPRINT EXEMPLARS** <br> **(2) RECIPROCAL DISCOVERY** |
| RAMON MARTINEZ-VILLEGAS, | **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | |
| | Date:  December 17, 2007 <br> Time:  2:00 p.m. <br> Court: The Hon. Larry A. Burns |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. This Motion is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//

//

//

//

**I**

**STATEMENT OF FACTS**

**A.   Defendant's Apprehension**

On October 16, 2007, at about 3:00 p.m., Defendant attempted to enter the United States from Mexico along the beach near Border Field State Park. Specifically, Defendant was found, along with two other people, walking on the beach north of "Horse Trail," a road near the Border Field State Park, approximately 5 miles west of the San Ysidro Port of Entry. During a brief immigration stop, all three subjects admitted to being citizens of Mexico not in possession of any documents allowing them to lawfully enter or remain in the United States. All three admitted to entering the United States by squeezing through the bars on the beach that constitute the border fence. Defendant was arrested and transported to the Imperial Beach Border Patrol Station for processing.

In secondary, Defendant's biographical information and fingerprints were entered into the IAFIS and immigration computer databases, which revealed Defendant's criminal and immigration history. Defendant was then advised of his Miranda rights in the Spanish language. Defendant was also advised of his consular communication rights and he notified a consular officer of his arrest.

**B.   Defendant's Criminal and Immigration History**

On March 28, 2002, Defendant was convicted in the United States District Court in the Southern District of California with Attempted Entry After Deportation in violation of Title 8, United States Code, Section 1326. Defendant was sentenced to 60 days in custody.

On October 11, 2002, Defendant was again convicted in this District of Being a Deported Alien Found In the United States in violation of 8 U.S.C. § 1326. Defendant was sentenced to 8 months in custody.

On January 12, 2005, Defendant was yet again convicted in this District of Being a Deported Alien Found In the United States in violation of 8 U.S.C. § 1326. Defendant was sentenced to 15 months in custody.

Defendant appeared before an Immigration Judge for a deportation hearing on March 21, 2001 and was physically removed from the United States to Mexico that same day. Defendant was most recently physically removed to Mexico on October 22, 2006.

### C. **Defendant's Post-Miranda Confession**

Defendant waived his rights and admitted that he is a citizen and national of Mexico with no documents to legally enter or remain in the United States. He further admitted to having been previously deported from the United States.

## II

## UNITED STATES' MOTIONS

### A. FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

### B. RECIPROCAL DISCOVERY

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 68 pages of discovery and one audio cassette. The Government has received Defendant's A-File, and has provided the audiotape from Defendant's hearing before an Immigration Judge. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. The Government is attempting to determine whether a video recording of the Defendant's post-arrest statements exists, and if so, will produce a copy to Defendant posthaste. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

**III**

**CONCLUSION**

For the foregoing reasons, the Government requests that the Court grant the Government's motion for reciprocal discovery and compelling the Defendant to provide a fingerprint exemplar.

DATED: November 26, 2007

                                      Respectfully submitted,

                                      KAREN P. HEWITT
                                      United States Attorney

                                      /s/***Rebecca Kanter***
                                      REBECCA S. KANTER
                                      Assistant United States Attorney
                                      Attorneys for Plaintiff
                                      United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07cr3102-LAB |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| RAMON MARTINEZ-VILLEGAS, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Norma Aguilar

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2007.

　　　　　　　　　　　　　　　　　　/s/ ***Rebecca Kanter***
　　　　　　　　　　　　　　　　　　REBECCA S. KANTER